IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANAY E. GARRICK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 18-cv-00573 |
| v. ) | |
| ) | Judge Lee |
| MOODY BIBLE INSTITUTE, ) | Magistrate Judge Kim |
| ) | |
| *Defendant.* ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO RECONSIDER**

Moody Bible Institute ("Moody") moves for reconsideration of the Court's denial of its motion to stay discovery pending the adjudication of its motion to dismiss and its motion to limit discovery to its constitutional defenses. Moody also asks the Court to certify a question for immediate appeal pursuant to 28 U.S.C. § 1292(b) if its motion is not granted. For the reasons presented below, all of Moody's requests should be denied.

**I.      Moody has provided no justification for reconsideration.**

    **A.      Moody advances no new facts or arguments.**

To prevail on a motion for reconsideration, "the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Moody does not attempt to make a serious case that the Court violated this standard, which requires a showing of "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id., quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). Instead, Moody rehashes the same arguments it has made in each of the last four motions it has made to delay or halt this case – and any discovery associated with it – from going forward *See* Dkt. Nos. 12 (Motion to Stay Court Proceedings Pending Termination

of EEOC Proceedings); 15 (Motion to Stay Discovery Pending Moody's Motion to Dismiss); 18-19 (Motion and Memorandum in Support of Motion to Dismiss); and Moody's oral motion made on April 12, 2018 to limit discovery to the issue of the ministerial exception. Because Moody presents nothing new in this fifth attempt, the motion for reconsideration should be denied without further deliberation. *Noble v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 130 F. Supp. 3d 1166, 1179 (N.D.Ill. 2015) (motion for reconsideration denied where "[n]o new facts or arguments are made here.").

> **B.** **Moody again relies on matters outside the pleadings – a move that gives the plaintiff the right to take discovery.**

The first half of Moody's motion for reconsideration largely reiterates the points it raised in Dkt. Nos. 15 and 19, both of which relied on over one hundred pages of extraneous materials that were appended to the motions. Moody thus asked (and continues to ask) the Court to allow it to submit all the evidence it finds helpful to its position while barring the plaintiff from doing the same or taking any discovery on the issues it raises.

As discussed in detail in the plaintiff's Response in Opposition to Moody's Motion to Dismiss (Dkt. No. 30), the plaintiff is entitled to a conversion of Moody's Rule 12(b)(6) motion to one for summary judgment and must be allowed to "present all the material that is pertinent to the motion" under Rule 12(d). She has requested the opportunity to do so, and to submit a declaration to the Court under Rule 56(d) to detail the discovery she needs to respond. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 171-172 and fn 3 (5th Cir. 2012) (in a case involving the ministerial exception, the lower court "should have converted the … motion for dismissal into a Rule 56 motion for summary judgment" because …. "only in the rarest of 3 circumstances would dismissal under Rule 12(b)(6) … be warranted."). Under these circumstances, Moody's motion to stay discovery is improper, and the Court's prior (and correct) decision to deny that

motion should not be disturbed. *R. J. Corman Derailment Servs., L.L.C. v. Int'l Union, Local Union 150*, 335 F.3d 643, 649 (7th Cir. 2003) (grant of motion to dismiss reversed and remanded "because … the district court did not follow the proper procedures here, and thus did not give [plaintiff] the chance to contest the facts on which it based its *de facto* summary judgment"); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) ("[t]he consideration of outside matter without converting the motion may result in reversible error"); *Peckmann v. Thompson*, 966 F.2d 295, 298 (7th Cir. 1992) ("to grant the motion [to dismiss] when the supporting documents the rule contemplates are not before the court is to deprive the nonmovant of the opportunity to be heard on the existence of disputed factual issues.").

### C. Discovery should not be limited to the ministerial exception, because it cannot dispose of the plaintiff's claims.

To be sure, some courts have initially limited discovery to the topic of the ministerial exception in discrimination cases where it is unclear whether the plaintiff should be considered a minister. *See, e.g., Collette v. Archdiocese of Chicago*, 200 F. Supp. 3d 730, 735 (N.D.Ill. 2016). But here, as shown below, Moody has "pled itself out of court" and should be foreclosed from asserting that defense as to Ms. Garrick's Title IX claim. Further, the defense is additionally inapplicable as to her breach of contract claim. Because the ministerial exception cannot dispose of either[1] of Ms. Garrick's claims, there is no justification for limiting discovery to matters related to it.

### 1. Moody cannot invoke he ministerial exception, because it has a policy that prohibits women from acting as ministers.

As the plaintiff discusses more fully in her Response in Opposition to Moody's Motion to Dismiss, Moody admitted that it adopted a Doctrinal Statement that explicitly bars women from

---

[1]Ms. Garrick has agreed to voluntarily dismiss her Illinois retaliatory discharge claim.

3

serving as ministers. See Dkt. No., 19, Moody's Memorandum in Support of Motion to Dismiss, p. 4, fn 2 and Ex. C at 4 ("consistent with [Moody's] understanding of Scripture[,] [certain] church offices should be limited to the male gender"). Furthermore, archived pages from Moody's website show that the undergraduate pastoral ministry program was closed to women during the relevant time period. *See, e.g.*,

https://web.archive.org/web/20160323154242/http://www.moody.edu:80/pastoral-ministry

(archived March 23, 2016; last visited May 18, 2018) ("[t]he Pastoral Ministry major is designed for male students ….").[2]

  Having staked out the position that women *cannot* be ministers – and made it a cornerstone of its defense to this case – it is plaintiff's position that Moody cannot now seek dismissal of Ms. Garrick's lawsuit by arguing that she was acting as a minister at its behest. *Duncan v. Fleetwood Motor Homes of Ind.*, 518 F.3d 486, 491 (7th Circuit 2008) (inconsistent litigation positions were enough to show the defendant's proffered reason lacks legitimacy in pretext analysis); *United States v. Husband*, 312 F.3d 247, 253 (7th Cir. 2002) ("[w]hile the district court may make alternative legal findings, it cannot make inconsistent findings on pure questions of fact."). Further, as alleged in the Complaint, Moody asked Ms. Garrick to remove any reference to her status as an ordained minister from her work record before it would consider hiring her as an Instructor (Cplt., ¶ 17). This alone should doom Moody's invocation of the ministerial exception: on the one hand, it refused to credit Ms. Garrick as a minister because of her gender and asked her to hide that part of her background, yet now, having been sued, it

---

[2]The Court may take judicial notice of a website if the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hill v. Capital One Bank (USA), N.A.*, No. 14-cv-6236, 2015 U.S. Dist. LEXIS 12342, *14-15 (N.D.Ill. Feb. 3, 2015). Here, Moody's web page is relevant not to prove substantive facts, but to document how Moody represented its ministerial studies program to the public.

makes a complete about-face. For these reasons, Moody's ministerial exception defense is invalid on its face, and discovery should proceed on all topics.

### 2. The ministerial exception does not bar Ms. Garrick's breach of contract claim.

In addition to her Title IX retaliation claim, Ms. Garrick alleges that Moody failed to pay the amount due under the termination provision of her Faculty Contract. *See* Cplt., ¶¶ 81-91. The breach of contract claim is a straightforward plea for wages due under the contract's termination clause, and MBI has absolutely no defense to such a claim based on the ministerial exception. *See Crymes v. Grace Hope Presbyterian Church, Inc.*, No. 2011-CA-00746-MR, 2012 Ky. App. Unpub. LEXIS 564, *3 (Ky. App. Aug. 10, 2012) ("unpaid salary and benefits for work previously performed is not an ecclesiastical issue but rather is fully within the jurisdiction of the court to adjudicate as a contract claim"); *Second Episcopal District African Methodist Episcopal Church v. Prioleau*, 49 A.3d 812, 817 (D.C. Aug. 9, 2012) (trial court can adjudicate contract using neutral principles of law without implicating ministerial exception). As such, there is no justification for staying discovery or limiting it to certain topics as to this claim.

### D. Whether the ministerial exception applies is a question of fact, which entitles the plaintiff to discovery on that subject.

If the Court were to consider Moody's ministerial exception defense, there is no question that Ms. Garrick is entitled to take discovery on matters related to it at this stage of the case. Both the U.S. Supreme Court and the Seventh Circuit have held that the ministerial exception is an affirmative defense that requires an in-depth factual analysis. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 195, fn 4 (2012) ("[w]e conclude that the [ministerial] exception operates as an affirmative defense to an otherwise cognizable claim, not a jurisdictional bar."); *Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 657 (7th

5

Circuit 2018) (the ministerial exception "is subject to a fact-intensive analysis. And usually such questions are left for a jury."). The Court must consider the "function[s] performed by persons who work for religious bodies," *Hosaanna-Tabor*, 565 U.S. at 198, by "evaluating (1) 'the formal title' given by the Church, (2) 'the substance reflected in that title,' (3) '[the teacher's] own use of that title,' and (4) 'the important religious functions she performed for the Church.'" *Grussgott*, 882 F.3d at 658 (*quoting Hosanna-Tabor*, 565 U.S. at 192).

Moody does not cite a single case in which a court refused to allow a plaintiff's request to take discovery and present evidence when a defendant invoked the ministerial exception. *Hosanna-Tabor* and *Grussgott* were both reviews of grants of summary judgment – cases in which discovery had been completed on all topics, not just the ministerial exception. In *Schleicher v. Salvation Army*, 518 F.3d 472, 474 (7th Cir. 2008), the district court held an evidentiary hearing in which the plaintiff had the opportunity to present her evidence. In *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003), there was no real dispute – "both parties agreed" that the plaintiff's role was crafting the message of the church. *Id*. at 703.

Here, at the very least, the plaintiff must be permitted to take discovery on topics that include Moody's requirements for her position; the nature of the duties she performed; Moody's actions with respect to her ordination; Moody's Doctrinal Policy stating that women cannot be ministers; and other issues related to whether Ms. Garrick actually performed any ministerial duties for Moody. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 171 (5th Cir. 2012) (noting the court allowed "extensive discovery" before taking up the ministerial exception on summary judgment).

**II.     Certification pursuant to 28 U.S.C. §1292(b) is inappropriate.**

Finally, Moody asks the Court to certify for interlocutory appeal the issue of "whether full discovery is available despite Moody's Constitutional defenses." Motion, p. 12. This request, yet another attempt by Moody to bring this case to a halt, is wholly improper under the standards that govern grants of interlocutory appeals under 28 U.S.C. § 1292(b). To be entitled to such a dramatic pause, Moody must show, among other things, that the issue is a "pure question of law," as Judge Posner emphasized in *Ahrenholz v, Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000): "[d]istrict judges should use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that 'question of law' means an abstract legal issue …." *Id.*

Examples of such "abstract legal issues" include the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz,* 219 F.3d at 676. Here, there is no such legal issue: instead, Moody asks the Court to certify a question that falls wholly within its sound discretion to manage discovery as it sees fit. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) ("[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.") (*quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Furthermore, the issue of whether discovery should be taken, and on what topics, and in what sequence, is a mixed question of law and fact that is cannot be the subject of an interlocutory appeal. *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 941 ("mixed question of law and fact unsuitable for interlocutory review").

Moody admits that it cannot find a single appellate court case on point, but it insists that two appellate cases it cites "fully support" its position. Memorandum, p 14. This is simply untrue. In *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 191 (4th Cir. 2011), the issue certified was whether claims for religious harassment and retaliation were cognizable under Title

7

VII as exceptions to the statute's religious exemption language – a pure question of law that had absolutely nothing to do with discovery. And in *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1088 (7th Cir. 2014), the district court *rejected* the defendant's ministerial exception argument, holding that the plaintiff was a lay teacher – and the defendant did not seek to appeal any matter related to that ruling. The only mention of Section 1292(b) was an acknowledgment that the defendant might have brought, but did not bring, a motion like the one in *Kennedy*, and the Seventh Circuit "expressed no opinion of the merits of the district court's summary judgment decision." *Id*. at 1091-1092. In sum, Moody's motion for certification of an interlocutory appeal flouts the standards for such a request and finds no support in the case law.

### VI. Conclusion

For all of the reasons presented above, Moody's motion for reconsideration should be denied and discovery should proceed immediately on all topics.

Dated this 18th day of May, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jamie S. Franklin
　　　　　　　　　　　　　　　　　　　　　　　　Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

## **CERTFICATE OF SERVICE**

      I, the undersigned, certify that on May 18, 2018, I had the foregoing document served by filing it with the Court's ECF System.

/s/ Jamie S. Franklin

Service List:

Christian Poland
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
christian.poland@bryancave.com