IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANAY E. GARRICK,<br><br>      Plaintiff,<br><br> v.<br><br>MOODY BIBLE INSTITUTE,<br><br>      Defendant. | Case No. 1:18-cv-00573<br><br>Judge John Lee<br>Magistrate Judge Young Kim |

**DEFENDANT MOODY BIBLE INSTITUTE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO RECONSIDER,
OR IN THE ALTERNATIVE FOR SECTION 1292(B) CERTIFICATION**

  Garrick's response to Moody's motion to reconsider (the "Motion") is primarily noteworthy for what it does *not* contest and does *not* argue. First, Garrick makes no attempt to dispute Moody's well-documented evidence that (1) Moody is a religious educational institution whose religious beliefs are central to everything it does, (2) Moody views its faculty members as serving as "ministers" within the meaning of the "ministerial exception"; (3) Moody has a detailed Doctrinal Statement to which every faculty member must subscribe, (4) Garrick herself emphasized in her employment application the central role she would be playing in providing *religious* education; (5) Garrick identifies herself as an ordained minister; (6) Garrick claimed a substantial federal tax "housing allowance" deduction for "ordained ministers" providing "ministerial services"; and (7) Garrick was in unequivocal disagreement with Moody's Doctrinal Statement on the role of women as pastors. Second, while Garrick argues that Moody may not ultimately prevail on its ministerial exception defense (an argument that Moody refutes below), Garrick does not dispute that (1) Moody's constitutional defenses are a form of immunity from

1

court involvement, (2) the vast majority of courts have either dismissed ministerial exception cases under Rule 12(b)(1) or 12(b)(6) or have permitted only limited discovery pertaining to the ministerial exception until that issue could be adjudicated on summary judgment, (3) court scrutiny of Moody's religiously motivated decisions would result in unconstitutional entanglement in Moody's religious affairs, (4) the harm to Moody if its constitutional rights are violated is irreparable once done, and (5) determining whether Moody's stated reason for Garrick's discharge is "pretextual" under Title IX or whether Moody had "cause" for her discharge under her contract claim are precisely the types of inquiries that the Supreme Court has said are off limits, *see Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 194-95 (2012). Third, Garrick never identifies in her response (and never identified in any prior court filing) any prejudice to her if either (1) discovery is stayed pending ruling on Moody's motion to dismiss (recall that Garrick waited nine months to bring suit after being informed of her termination [Dkt. 1 ¶ 54], so urgency is not an issue), or (2) discovery is limited to the ministerial exception to permit that potentially dispositive issue to be adjudicated before all others. With all of the above uncontested, Moody's Motion should be granted.

Now to the arguments that Garrick does make. Garrick first argues that reconsideration is not justified because, in her view, Moody "advances no new facts or arguments." (Resp. at 1.) But Moody is not bringing its Motion based on newly discovered evidence. Rather, it is arguing that the Court "misappl[ied] or fail[ed] to recognize controlling precedent," which Garrick acknowledges is a valid justification for a motion to reconsider. (*See id*.) In fact, Moody's Motion is replete with case-supported arguments as to how the Court failed to appreciate the irreparable, unconstitutional harm of proceeding with full-scope discovery. (*See* Mot. at 3-12.) This is a fully justified basis for a motion to reconsider. (*See* Mot. at 9-12 [citing cases].)

Garrick next argues that "Moody again relies on matters outside the pleadings" (Resp. at 2), as if this Court is required to decide whether to stay or sequence discovery based only on the allegations of her Complaint. That is not the case, and Garrick cites no authority for her argument. This Court may—in fact, must—determine whether to stay or sequence discovery based on the constitutional issues raised by Moody and the context of this case, which is the relevant evidence presented by both parties. *See Sterlinski v. Catholic Bishop of Chicago*, No. 16C596, 2017 WL 1550186, at *5 (N.D. Ill. May 1, 2017) (court limited discovery to ministerial exception based on evidence presented by religious employer in response to complaint).[1]

Garrick also argues that discovery should not be limited to the ministerial exception because, in her view, Moody "has a policy that prohibits women from acting as ministers." (Resp. at 3-4.) Her argument is factually, logically, and legally flawed. First, Garrick's argument misdescribes Moody's specific theological view, which is that the "church offices" of "elder/pastor" "should be limited to the male gender" (Dkt. 19, Ex. C at 4), not that women can never serve in "ministerial" capacities or be engaged in religious "ministry," which is the standard for the ministerial exception. *See Hosanna-Tabor*, 565 U.S. at 199 (Alito, J. and Kagan, J., concurring) (ministerial exception applies to any employee who "serves as a messenger or teacher of its faith"). Second, Garrick's argument illogically assumes that if a *subset* of religious positions is theologically reserved for men, then the entire *category* must be reserved for men. Garrick's argument is no different from positing that because only men can be priests in the Catholic Church, no other role within a Catholic entity can be covered by the

---

[1] Nor is the issue whether Garrick should be permitted to conduct discovery as to Moody's motion to dismiss, as she argues. The Court has indicated that it does not intend to convert Moody's motion to dismiss to one for summary judgment and Moody opposes such conversion. In any event, if the Court were to convert the motion, the only permissible discovery would be would be *on the ministerial exception raised in the motion*—which is what Moody is arguing here: if discovery is permitted to proceed, it must be limited to the Moody's constitutional defenses.

3

ministerial exception. This is plainly not the case. *See, e.g., Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003) (Hispanic Communications Director's Title VII discrimination claims dismissed under Rule 12(b)(1) based on ministerial exception). Third, Garrick's argument is legally flawed because, despite Garrick's statement to the contrary, Moody has not taken "inconsistent litigation positions" (Resp. at 4). Moody has never before been in litigation on this issue or with Garrick, and even if Moody had, that would in no way mean that "discovery should proceed on all topics" (Resp. at 5). Moody has consistently argued that the ministerial exception applies and that discovery should either be stayed or limited to the ministerial exception.

As to Garrick's argument that discovery relating to her breach-of-contract claim should not be limited because her contract claim cannot be barred by the ministerial exception, such argument fails because the ministerial exception plainly applies when the contract issue involves whether there was "cause" for the termination, as is the case here (*see* Dkt. 19 at 6-9). Furthermore, Garrick's claim is primarily an issue of contract interpretation, which is a matter of law (*see* Dkt. 19 at 13-15), and for which *no* discovery is needed.

Garrick also argues that "[w]hether the ministerial exception applies is a question of fact, which entitles [her] to discovery on *that subject*." (Resp. at 5 [emphasis added].) Moody agrees that if discovery is not stayed entirely until Moody's motion to dismiss is decided, discovery should be limited *to the ministerial exception*. But Garrick's argument in no way supports discovery on matters *beyond* the ministerial exception analysis. Nor does the fact that several cases involving the ministerial exception have been decided on summary judgment after discovery that was apparently broader than the ministerial exception show that such is the *proper* course. (Perhaps the religious employers in those cases did not seek to have discovery limited to

4

the ministerial exception.)  Garrick has not cited a single case holding that a court *must* permit full discovery even after a ministerial-exception defense has been raised, and Moody has provided innumerable authorities requiring careful staging of discovery on the ministerial exception, which is essentially a constitutional immunity defense.  (*See* Mot. at 4-12.)

Finally, Garrick raises essentially only one argument in response to Moody's request for certification under 28 U.S.C. § 1292(b), namely, that certification is supposedly reserved for "abstract legal issues," which Garrick says are not present here.[2]  Yet Moody's motion cites several cases showing that § 1292(b) certification is applicable—as the statute itself says—to "controlling question[s] of law," and the question whether discovery must be limited to the adjudication of a religious entity's constitutional defenses until such questions can be heard on a motion for summary judgment is certainly a "controlling question of law."  Thus, this Court should certify the requested issues for appeal under § 1292(b) if it does not reconsider its decision to permit full discovery to proceed.  (*See* Mot. at 12-15.)

## CONCLUSION

Because the only proper consideration before the Court presently is whether Moody's asserted constitutional defenses apply, this Court should stay all discovery pending adjudication of Moody's motion to dismiss or, if discovery is to proceed, limit discovery to the applicability of the ministerial exception and related doctrines.

Dated:  May 25, 2018　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/  Christian Poland
　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　The Moody Bible Institute of Chicago

Christian M. Poland

---

[2] By not responding to Moody's remaining arguments (*see* Mot. at 13-14), Garrick has conceded that there is a "substantial ground for difference of opinion" on the issues raised and that an immediate appeal from the Court's April 12 order may "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

5

Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601-3315
312-602-5000
Fax: 312-602-5050
christian.poland@bclplaw.com

6

11641750.3

CERTIFICATE OF SERVICE

Christian Poland, one of the attorneys for Defendant The Moody Bible Institute of Chicago states that on May 25, 2018, he served a true and correct copy of the foregoing *Defendant Moody Bible Institute's Reply Brief in Support of Its Motion to Reconsider the Denial of Its Request That Discovery Be Limited at This Stage to Its Constitutional Defenses, Or in the Alternative for Section 1292(B) Certification* upon counsel for Plaintiff by causing said document to be delivered to her via the Court's ECF filing system, addressed as follows:

>Jamie S. Franklin
>The Franklin Law Firm LLC
>53 W. Jackson Blvd., Ste. 803
>Chicago, IL 60604
>jsf@thefranklinlawfirm.com

>s/ Christian Poland