

FILED
11/25/2020 KE
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JANAY E. GARRICK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 18-cv-00573 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| MOODY BIBLE INSTITUTE, | ) | Magistrate Judge Young Kim |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER
THE MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
<u>CERTIFICATION OF INTERLOCUTORY APPEAL</u>**

Janay E. Garrick, *Pro Se*
PO BOX 8633
Moscow, ID 83843
Phone: (407) 803-3051
Email: Janay.garrick@gmail.com

## TABLE OF CONTENTS

I.    **INTRODUCTION** ...................................................................................................... 1

II.    **ARGUMENT**............................................................................................................... 1

    A. Moody cannot satisfy the standards for a Motion for Reconsideration...................................... 1

    B. Ms. Garrick's claims "do not impermissibly intrude upon Moody's religious rights." .............. 3

    C. Pretext may be adjudicated without impermissibly entangling the Court in religion ............... 3

    D. Defendant suffers no prejudice in allowing the case to proceed; interlocutory appeal is not warranted.................................................................................................................. 6

III.   **CONCLUSION** ......................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)............ 2

*Fratello v. Archdiocese of New York, 863 F.3d 190 (2d Cir. 2017)*............................................ 4

*Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) .............................................................. 1

*Garrick v. Moody Bible Inst.*, No. 18 C 573, 2020 WL 6044292 (N.D. Ill. Oct. 13, 2020)... 1, 3, 5

*GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores*, Inc., 29 F. App'x 382, 384 (7th Cir. 2002) ......... 1

In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982)............................................... 6

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ................................... 6

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ................................... 2

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) ................................... 4

*Rieve v. Coventry Health Care Inc.*, 870 F. Supp. 2d 856, 878 (C.D. Cal. 2012) ..................... 6, 7

*Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008)................................................................. 4

*Scottsdale Ins. Co. v. Dickstein Shapiro LLP*, 389 F. Supp. 3d 794, 835-36 (C.D. Cal. 2019)...... 2

*Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568, 571, (7th Cir. Ill. 2019) ............................... 5

*Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 465 (7th Cir. 2014) ................................................... 5

**Statutes**

28 U.S.C. § 1292(b) ....................................................................................................................... 5

Moore's Federal Practice §59.30[4] (3d ed. 2000) ........................................................................ 2

**Rules**

Federal Rule of Civil Procedure 59(e) ........................................................................................ 1, 2

Local Rule 7-18......................................................................................................................... 2, 5

Rule 54(b) ..................................................................................................................................... 1

## I.    INTRODUCTION

Plaintiff Janay E. Garrick ("Ms. Garrick") respectfully submits this response in opposition to Defendant Moody Bible Institute's ("Defendant," "Moody") Motion to Reconsider, ECF No. 128. Defendant's Motion to Reconsider rehearses previously raised arguments rather than satisfying any of the narrow circumstances required for this Court to amend, alter, or correct the Opinion and Order under Rule 54(b) or Rule 59(e) of the Federal Rules of Civil Procedure. The Motion for Reconsideration should therefore be denied. The Court should affirm its Order and reiterate that the action will proceed with discovery which has been delayed for almost three years due to Defendant's strategy of filing successive motions to terminate the litigation without adequate evidentiary support.

The thrust of Moody's Motion to Reconsider was that this case encroaches on religion. This Court held that "because Garrick pleads that Moody fired her as a result of her gender, and not her religious beliefs her claims falls outside the scope of the religious organization exemption." *Garrick v. Moody Bible Inst.*, No. 18 C 573, 2020 WL 6044292, at *8 (N.D. Ill. Oct. 13, 2020). Nothing has changed since that Court order except that Moody disagreed with the Court's decision.

## II.    ARGUMENT

### A. MOODY CANNOT SATISFY THE STANDARDS FOR A MOTION FOR RECONSIDERATION.

The Seventh Circuit recognizes that a Motion to Reconsider "does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores*, Inc., 29 F. App'x 382, 384 (7th Cir. 2002). Therefore, such motions are viewed under Rule 54(b). See *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Rule 54(b) has requirements Moody cannot

satisfy. The limited circumstances where a Court can reconsider are when it can be shown with clear evidence that the Court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the Court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Moody has not satisfied any of the three prongs, and indeed, its Motion to Reconsider skirts the standard entirely—neither citing it nor discussing it—showing Moody recognizes it cannot satisfy the law's requirement for reconsideration. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing 12 James W. Moore et al., Moore's Federal Practice §59.30[4] (3d ed. 2000)). Accordingly, Federal Rule of Civil Procedure 59(e) and Local Rule ("L.R.") 7-18 place strict limitations on when reconsideration is warranted. Under Fed. R. Civ. P. 59(e), "[r]econsideration may not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error or there is an intervening change in controlling law." *Kona Enters., Inc.*, 229 F.3d at 890 (citation omitted). L.R. 7-18 supplements Rule 59(e) and places additional limitations on a motion for reconsideration. *Scottsdale Ins. Co. v. Dickstein Shapiro LLP*, 389 F. Supp. 3d 794, 835-36 (C.D. Cal. 2019). To warrant reconsideration under L.R. 7-18, the moving party must show:

> [A] material difference in fact or law from that presented to the Court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision, or (b) the emergence of new material facts or a change of law occurring after the time of the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before the decision. *See* L.R. 7-18.

These three prongs have not been met.

**B. MS. GARRICK'S CLAIMS "DO NOT IMPERMISSIBLY INTRUDE UPON MOODY'S RELIGIOUS RIGHTS."**

Ms. Garrick's Second Amended Complaint (SAC) emphasized the retaliation she faced as an employee for engaging in statutorily protected rights. Any religious institution goes too far when it punishes an employee for exercising her rights. Defendant argues,

> "Regardless of whether the SAC was materially different from the FAC, the basis on which this Court says this case must proceed—a dispute about whether Moody's stated religious reason for Garrick's termination was in fact its true motivation—is not a permissible inquiry under settled religious autonomy principles." (*Motion to Reconsider* at 6)

This Court has already addressed this argument and come up with the conclusion that it can proceed on the grounds that Ms. Garrick's claims—disparate treatment and discrimination based on gender (Counts II and III) and retaliation (Count IV)— "do not impermissibly intrude upon Moody's religious rights." *Garrick v. Moody Bible Inst.*, No. 18 C 573, 2020 WL 6044292, at *2 (N.D. Ill. Oct. 13, 2020).

**C. PRETEXT MAY BE ADJUDICATED WITHOUT IMPERMISSIBLY ENTANGLING THE COURT IN RELIGION.**

First, through their arguments, Moody implies that Garrick was a minister and therefore the ministerial exception applies; but this "Court has already concluded that 'the allegations of the complaint do not conclusively demonstrate that Garrick falls within the ministerial exception,' and Moody does not contest that determination at this stage." (*See* October 13 Order at *11, Fn 6). In spite of this fact, Moody continually assumes Ms. Garrick is a minister for the purposes of arguing that pretext inquiries are "off limits when religious autonomy principles are in play." (*Motion to Reconsider* at 8). This is not so.

3

"To see why the current iteration of Garrick's complaint does not imperil religious autonomy, it is helpful to review what she will need to show to survive a motion for summary judgment. At that point, Garrick will have to demonstrate that a reasonable factfinder could disbelieve Moody's stated reason for firing her. *See Hill v. Tangherlini*, 724 F.3d 965, 968 (7th Cir. 2013). For example, Garrick may identify disparaging comments Moody's supervisors made about women or spotlight male instructors who disagreed with Moody's complementarian doctrine yet retained their positions." *Garrick v. Moody Bible Inst.*, No. 18 C 573, 2020 WL 6044292, at *5 (N.D. Ill. Oct. 13, 2020).

In an attempt to cite new case law, Defendant argues, "The Supreme Court again affirmed the principle that pretext is off limits in *Our Lady*." (*Motion to Reconsider* at 7.) *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). This is misleading. Here, the Defendant cites no page number, has no further discussion or quotes about "pretext," and focuses solely on the role of the ministerial exception within education. *Our Lady* does not speak about the permissibility of pretext as it does about the applicability of the ministerial exception. To argue that *Our Lady* affirms that "pretext is off limits" is misleading.

In an attempt to rely on *Fratello v. Archdiocese of New York,* 863 F.3d 190 (2d Cir. 2017), Moody cites only partial quotes from *Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008) (the case that *Fratello* relies on) to support its arguments that pretext is off-limits. Moody posits that *Fratello* asserts that both ministerial and lay employees are barred from bringing discrimination suits. However, Defendant carefully cites only a portion of the case that *Fratello* refers to. Below is the text from *Rweyemamu* on which *Fratello* relies:

> Thus, our limited precedent to date supports the following propositions: (1) HN14 Title VII and the ADEA are not inapplicable to religious organizations as a general matter; (2) HN15 we will permit lay employees -- but perhaps not religious employees -- to bring discrimination suits against their religious employers; and (3) *even when we permit suits by lay employees, we will not subject to examination the genuineness of a proffered religious reason for an employment action.* (Emphasis added to indicate portion used in *Fratello*). *Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008).

4

Therefore, *Rweyemamu* clearly articulates that lay employees may bring discrimination suits against their religious employer in proposition (2). *Id.* As for proposition (3), there is no clear definition of what is meant by "the genuineness of a proffered religious reason." *Id.*

*Sterlinski* holds that the question of pretext in labeling an employee as a minister is viable in employment cases: "If the court finds that the reason is honest, it does not ask whether the reason is *correct*—it is enough that the employer believe its own reason in good faith." *Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568, 571, (7th Cir. Ill. 2019). In looking at the idea phrased by Judge Easterbrook in *Sterlinski* as honesty as opposed to the accuracy, this "genuineness" relates to Easterbrook's "correctness." In other words, the Seventh Circuit agrees with the notion that the courts cannot adjudicate the legitimacy, morality, standard, weight, etc. of a religious belief. However, *Sterlinski* does not prohibit the courts from adjudicating the "honesty" of a religious organization's actions or the pretext, or lack thereof, for claiming an employment decision was religious. In *Garrick v. Moody Bible Inst.* the October 13 Order states: "Put differently, rather than questioning the reasonableness or legitimacy of Moody's religious beliefs, Garrick disputes whether those beliefs actually prompted her firing." *Garrick v. Moody Bible Inst.*, No. 18 C 573, 2020 WL 6044292, at *4 (N.D. Ill. Oct. 13, 2020). This Court has rightly concluded, "In examining that evidence, this Court will ask whether Garrick 'raise[es] a genuine issue about the honesty, not the accuracy, of [Moody's] stated reason.'" *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 465 (7th Cir. 2014). (*See* October 13 Order at 11). Pretext may be adjudicated without impermissibly entangling the Court in religion.

Defendant's reconsideration argument simply repeats the same legal argument that they made in prior motions. Under L.R. 7-18, their Motion to Reconsider should be denied on this basis alone.

5

**D. DEFENDANT SUFFERS NO PREJUDICE IN ALLOWING THE CASE TO PROCEED;**

**INTERLOCUTORY APPEAL IS NOT WARRANTED.**

As for the request to certify the case for interlocutory appeal, Moody suffers no prejudice from allowing the case to go forward. All the Court's ruling did is say Moody has not convinced the Court that Ms. Garrick will be unable to prove any legal theory that would result in liability if the facts she alleges are true. Because Ms. Garrick could win on retaliation, there is no compelling reason for the Court to certify this case for the extraordinary and rarely granted invitation for the Seventh Circuit to review this Court's ruling on what is the equivalent to an emergency basis.

An immediate interlocutory appeal by permission under 28 U.S.C. § 1292(b) is appropriate only where the underlying order: (1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. The party seeking an immediate interlocutory appeal must demonstrate all three prerequisites, and even then, certification for an interlocutory appeal is generally disfavored and should only be granted in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Rieve v. Coventry Health Care Inc.*, 870 F. Supp. 2d 856, 878 (C.D. Cal. 2012) (citing *In Re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). All three prerequisites are not present here. Discovery will help clarify the factual issues. Because without the record developed more, it will be hard for the appellate court

6

to confirm whether religion is wrapped up in this or not. discovery is valuable for the circuit

being able to weigh in on the religious defense.

Defendant's dissatisfaction with the outcome of the Court's analysis "is not a strong

enough argument to create the exceptional circumstances required for interlocutory appeal."

*Rieve*, 870 F. Supp. 2d at 880. Defendant failed to meet its heavy burden of showing any

exceptional circumstances in this case to merit an immediate interlocutory appeal.

## III.    **<u>CONCLUSION</u>**

Defendant's motion to reconsider makes no new arguments, presents no new evidence,

and cites no new law. Defendant's motion to certify for immediate interlocutory appeal cannot

satisfy all three prerequisites. For all these reasons, Ms. Garrick respectfully requests the Court

to deny Defendant's Motion to Reconsider.

Dated: November 25, 2020                Respectfully submitted,

                                  /s/ Janay E. Garrick

**CERTFICATE OF SERVICE**

I, the undersigned, certify that on November 25, 2020, I had the foregoing document served by filing it with the Clerk's Office via email. On that day, I also served a true and correct copy of the foregoing *Plaintiff's Opposition to Defendant's Motion to Reconsider the Memorandum and Order on Defendant's Motion to Dismiss or, in the Alternative, Motion for Certification of Interlocutory Appeal* upon Defendant by causing said document to be delivered to it via email, to which form of service it has consented, addressed as follows:

Christian Poland
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
christian.poland@bryancave.com

/s/ Janay E. Garrick
PO Box 8633
Moscow, ID 83843
(407) 803-3051
janay.garrick@gmail.com

Service List:

Christian Poland
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
christian.poland@bryancave.com