IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANAY E. GARRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 573 |
| v. ) | |
| ) | Judge John Z. Lee |
| MOODY BIBLE INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons below, Moody Bible Institute's ("Moody") motion to reconsider the Court's denial in part of its motion to dismiss Janay Garrick's second amended complaint, or alternatively to certify an interlocutory appeal, is denied.

### I. Background

This action arises out of Garrick's employment with Moody, a post-secondary Christian educational institution, as an instructor of secular courses from 2014 to 2017. *See* 10/13/20 Mem. Op. and Order at 2, ECF No. 126. Moody subscribes to a "complementarian" doctrine that forbids women from acting as religious leaders, while Garrick identifies as an "egalitarian Christian" and believes in gender equality in the ministry. *Id.* (quoting 2d Am. Compl. ¶¶ 20, 80, 85, ECF No. 98). Garrick alleges that she experienced pervasive gender discrimination throughout her time at Moody, culminating in her employment being terminated after three years, on the asserted ground that she was "not aligned with [Moody's] doctrinal statement as it related to gender roles in ministry." *Id.* at 4 (quoting 2d Am. Compl. ¶¶ 85, 96).

Garrick filed her initial complaint with the assistance of counsel, *see* Compl., ECF No. 1, who withdrew shortly thereafter, leaving her to proceed *pro se*, *see* 10/3/18 Min. Entry, ECF No. 44. After Moody moved to dismiss, Garrick obtained leave to file an amended complaint. *See* 12/3/18 Min. Entry, ECF No. 64.

Garrick's amended complaint asserted five federal claims: hostile work environment under Titles VII and IX, as well as gender discrimination, retaliation, and religious discrimination under Title VII. *See* 3d Modified 1st Am. Compl. ¶¶ 68–140, ECF No. 67. Moody again moved to dismiss, relying largely on a variety of principles arising from "the long-standing deference courts have afforded to religious institutions known as the 'church autonomy' doctrine," which finds its roots and the First Amendment's Free Exercise and Establishment Clauses, and makes it way into both Titles VII and IX. 9/25/19 Mem. Op. and Order at 11, ECF No. 91. The Court granted the motion, holding: (1) that Title VII's exemption for religious employers precluded Garrick's religious discrimination claim; (2) that the allegations of the amended complaint did not conclusively demonstrate that Garrick fell within the "ministerial exception" recognized in *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171 (2012), which is an affirmative defense; and (3) that the overarching principle of religious autonomy nonetheless required dismissal of Garrick's remaining federal claims. *See id.* at 11–19.[1]

As to that overarching principle, the Court explained that claims based on disagreement with church doctrine confront "the First Amendment prohibition

---

[1] The amended complaint also asserted a state-law claim for breach of contract, which the Court dismissed with prejudice. *See* 9/25/19 Mem. Op. and Order at 19–21.

against excessive entanglement in matters of church policy." *Alicea-Hernandez v. Cath. Bishop of Chi.*, 320 F.3d 698, 702 (7th Cir. 2003) (citing *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696 (1976)). In other words, "when the religious employer offers a religious justification for the challenged conduct, then—generally speaking—the First Amendment protects against the claim, so long as the employer proves that the religious motive is the *actual* motive." *Demkovich v. St. Andrew the Apostle Par.*, 343 F. Supp. 3d 772, 782 (N.D. Ill. 2018), *aff'd in part, rev'd in part and remanded on other grounds sub nom. Demkovich v. St. Andrew the Apostle Par., Calumet City*, 973 F.3d 718 (7th Cir. 2020), *reh'g en banc granted, opinion vacated* (Dec. 9, 2020). Thus, because there were "strains of Garrick's Title VII claims that may not be tied to Moody's religious beliefs," the Court granted her leave to replead those claims. 9/25/19 Mem. Op. and Order at 19.

Garrick filed a second amended complaint asserting four claims under Title VII: hostile work environment; two counts of gender discrimination, with the first being brought under a disparate treatment theory; and retaliation. *See* 2d Am. Compl. ¶¶ 98–132. Moody moved to dismiss once again, and the Court granted the motion in part and denied it in part. *See* 10/13/20 Mem. Op. and Order at 2. As relevant here, the Court found that "[t]his time around, Garrick has crafted her Title VII claims to steer clear of the religious freedoms guaranteed by the First Amendment" by "portray[ing] Moody's religious justification as a *pretext* for gender discrimination." *Id.* at 10 (citing 2d Am. Compl. ¶¶ 107, 127–32). The Court thus denied Moody's motion to dismiss the second amended complaint on religious

3

autonomy grounds, although it granted the motion as to Garrick's hostile work environment claim for failure to state a claim. *Id.* at 14–15.

Moody now moves the Court to reconsider that partial denial, or alternatively, to certify it for an interlocutory appeal under 28 U.S.C. § 1292(b). *See* Def.'s Mot. Reconsider, ECF No. 128. The Court will address each request in turn.

## II. <u>Motion to Reconsider</u>

Moody first moves for reconsideration. It is well established that motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (cleaned up). Such a motion "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (cleaned up). At the same time, a motion to reconsider is not "an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

Moody raises two arguments for reconsideration. The first is that the allegations of the second amended complaint were not materially different than those of the first amended complaint. But this argument ignores the precise distinction that the Court noted in sustaining the bulk of Garrick's second amended complaint: unlike the prior complaint, the present complaint portrayed Moody's religious

justification "as a *pretext* for gender discrimination," as opposed to the actual reason for it. 10/13/20 Mem. Op. and Order at 10; *see* 2d Am. Compl. ¶¶ 107, 127–32. The similarities to which Moody points in its brief do not undermine this distinction, which, as the Court previously stated, "makes the difference." 10/13/20 Mem. Op. and Order at 10. As for Moody's insistence that the first amended complaint also mentioned pretext, it fails to recognize that, there, the allegation as to Moody's actual reason for firing Garrick still went to a disagreement with church doctrine. *See* 9/25/19 Order at 18 (citing 3d Modified 1st Am. Compl. ¶¶ 124–29). The same cannot be said of the second amended complaint.[2]

Moody's second and main argument is that any inquiry into whether a religious reason for an adverse employment action is pretextual runs afoul of the First Amendment's religious freedoms under the Supreme Court's decision in *Hosanna-Tabor*. But *Hosanna-Tabor* dealt with the ministerial exception, as did the Supreme Court's more recent decision in *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). *Id.* at 2055, 2061–69.

By contrast, here, the Court found in dismissing Garrick's first amended complaint that the allegations did *not* trigger *Hosanna-Tabor*'s ministerial exception, an affirmative defense that "is 'subject to a fact-intensive analysis,' of a type usually 'left for a jury.'" 9/25/19 Mem. Op. and Order at 15 (quoting *Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 657 (7th Cir. 2018)). Moody did not ask the

---

[2] To the extent Moody argues that the Court should not have given Garrick leave to file a second amended complaint in the first place, that argument is not properly raised in a motion to reconsider the Court's decision as to the second amended complaint.

Court to reconsider *that* decision, and did not contest it in moving to dismiss the second amended complaint. *See* 10/13/20 Mem. Op. and Order at 11 n.6. Nor does Moody show why the Supreme Court's reasoning with respect to ministerial employees should apply equally to someone in Garrick's position. *Cf. Our Lady*, 140 S. Ct. at 155 (noting that the ministerial exception governs employment relationships "between a religious institution and *certain key employees*" (emphasis added)). Thus, neither decision warrants reconsideration in this case.

Like *Hosanna-Tabor* and *Our Lady*, most of the lower-court cases on which Moody relies (many of which are rehashed from its motion to dismiss the second amended complaint) hinge on the ministerial exception, rendering them inapposite here. *See Lee v. Sixth Mount Zion Baptist Church of Pittsburgh*, 903 F.3d 113, 122 (3d Cir. 2018) ("Our sister circuit courts have repeatedly dismissed breach of contract claims asserted by terminated religious leaders against their religious institution employers based on the ministerial exception."); *Fratello v. Archdiocese of N.Y.*, 863 F.3d 190, 192 (2d Cir. 2017) ("[W]e conclude that the ministerial exception bars Fratello's employment-discrimination claims because in her role as principal she was a minister within the meaning of the exception."); *Petruska v. Gannon Univ.*, 462 F.3d 294, 307 (3d Cir. 2006) ("We conclude that . . . Counts I, II, IV, and VI . . . . are barred by the ministerial exception.").

The other two cases on which Moody relies demonstrate a related, and equally inapposite, aspect of the general principle that courts may not adjudicate "strictly ecclesiastical" matters. *See Hosanna-Tabor*, 565 U.S. at 195 (cleaned up). This

6

doctrine precludes courts from resolving claims that "require an examination of doctrinal beliefs [or] internal church procedures." *See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 929 (11th Cir. 2018) (affirming dismissal of claims turning on whether the plaintiff was a "member in good standing" of the Adventist Church); *see also Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 657–59 (10th Cir. 2002) (holding that the First Amendment barred claims by a youth minister and her lay partner challenging the church's ecclesiastical discussions about homosexuality). But the religious autonomy doctrine does not prevent the Court from adjudicating the narrow issue of pretext where the ministerial exception does not apply. *Demkovich*, 343 F. Supp. 3d at 782 ("Unlike the ministerial exception, however, whether the employer acted on a religious-based motive *is* examined for challenges brought by non-minister employees."); *Curay-Cramer v. Ursuline Acad.*, 450 F.3d 130, 139 (3d Cir. 2006) ("[A]s long as the plaintiff [does] not challenge the validity or plausibility of the religious doctrine said to support her dismissal, but only question[s] whether it was the actual motivation, excessive entanglement questions [are] not raised." (citing *Geary v. Visitation of Blessed Virgin Mary Par. Sch.*, 7 F.3d 324, 330 (3d Cir. 1993)); *accord DeMarco v. Holy Cross High Sch.*, 4 F.3d 166, 170–71 (2d Cir. 1993); *Redhead v. Conference of Seventh-Day Adventists*, 566 F. Supp. 2d 125, 134 (E.D.N.Y. 2008); *see also Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568, 571 (7th Cir. 2019), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2019) (stating that "[t]he answer" to how to draw the line between judicial abnegation and judicial resolution

of ecclesiastical issues "lies in separating pretextual justifications from honest ones"). After all, "a plaintiff will usually be able to challenge as pretextual the employer's justification without calling into question the value or truthfulness of religious doctrine," *DeMarco*, 4 F.3d at 171, meaning that employment claims based on pretext are "unrelated to any religious belief or doctrine," *Demkovich*, 343 F. Supp. 3d at 782.[3] Thus, when brought by a non-ministerial employee, such claims pose "no First Amendment problem." *Id.*

Moody's efforts to distinguish these cases are unavailing. Moody asserts that *Demkovich* is only relevant to hostile work environment claims, but overlooks that the court's discussion of pretext speaks to "employment claim[s]" generally, and especially those involving "tangible employment action[s]," which *exclude* hostile work environments. *See id.* (collecting cases, including *DeMarco*).[4] As for *DeMarco*, Moody insists that it is outdated and did not involve the religious autonomy doctrine, but ignores the court's extended discussion of that doctrine, *see* 4 F.3d at 168–71, and fails to demonstrate how its treatment of non-ministerial employees is inconsistent with *Hosanna-Tabor*'s treatment of ministerial employees. The same can be said for

---

[3] That the issue of pretext does not typically implicate the validity of religious doctrine is precisely the point that the Second Circuit reiterated in *Fratello* when it stated that, "even when we permit suits by lay employees, we will not subject to examination the *genuineness* of a proffered religious reason for an employment action." 863 F.3d at 202 n.25 (emphasis added). Thus, this observation, on which Moody hangs its hat, indeed supports the Court's decision, just as it previously explained. *See* 10/13/20 Mem. Op. and Order at 11 n.6.

[4] As to the ongoing interlocutory appeal in *Demkovich*, which the Seventh Circuit heard *en banc* on February 9, 2021, the Court notes that it does not concern the issue of pretext. *See Demkovich v. St. Andrew the Apostle Par.*, No. 16 C 11576, 2019 WL 8356760, at *2 (N.D. Ill. May 5, 2019) (certifying an interlocutory appeal on the issue of whether "the ministerial exception ban[s] all claims of a hostile work environment brought by a plaintiff who qualified as a minister, even if the claim does not challenge a tangible employment action").

*Curay-Cramer* and *Readhead*, which recognized the same principle as *DeMarco* even while recognizing the ministerial exception that *Hosanna-Tabor* later confirmed. *See Curay-Cramer*, 450 F.3d at 142; *Readhead*, 566 F. Supp. 2d at 131–32.

Finally, Moody asserts that the relevant passage of *Sterlinski* is dictum because the employee did not argue pretext, and that it is irrelevant here because the employee fell under the ministerial exception (a rather ironic observation in light of Moody's reliance on *Hosanna-Tabor*). *See* 934 F.3d at 570–72. But even assuming the passage lacks precedential value, it has persuasive value. And the appellate court's suggestion that even ministerial employees may claim pretext is all the more compelling in the context of non-ministerial employees.

Accordingly, Moody fails to demonstrate any error in the Court's denial in part of its motion to dismiss Garrick's second amended complaint, let alone a manifest error. Thus, the motion to reconsider is denied.

### III. Motion to Certify Interlocutory Appeal

Lastly, Moody asks the Court to certify an interlocutory appeal of its denial in part of Moody's motion to dismiss Garrick's second amended complaint under 28 U.S.C. § 1292(b), a narrow exception to the general rule that a party may only appeal the final decision of a district court, *see id.* § 1291. Section 1292(b) gives district courts discretion to certify an interlocutory decision for appeal when the court "shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation."⁵ *Id.* § 1292(b).

Here, the Court finds that Moody has failed to demonstrate a substantial ground for difference of opinion for all of the reasons provided above. Given Moody's inability to cite a single decision indicating that the First Amendment bars any inquiry into whether a religious employer's proffered doctrinal reason for an adverse employment action was the actual reason, even in the absence of the ministerial exception, the Court does not believe that is much basis to challenge its ruling. As a result, the Court declines to certify an interlocutory appeal.

## IV. Conclusion

For the reasons above, Moody's motion to reconsider the Court's denial in part of its motion to dismiss Garrick's second amended complaint, or alternatively to certify an interlocutory appeal under 28 U.S.C. § 1292(b), is denied.

**IT IS SO ORDERED.**               ENTERED: 8/12/21

*[signature]*

**John Z. Lee**
**United States District Judge**

---

⁵ Once a district court certifies an interlocutory for appeal, the appellate court must do the same in order for an appeal to be taken. *See* 28 U.S.C. § 1292(b); *cf. In re Ford Motor Co.*, 344 F.3d 648, 654 (7th Cir. 2003) ("The whole point of § 1292(b) is to create a dual gatekeeper system for interlocutory appeals."). The Seventh Circuit has recognized that district courts enjoy wide discretion over the first gate. *See In re Ford*, 344 F.3d at 654 ("[N]ormally the district court's refusal to certify is the end of the matter in this court.").