**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JANAY GARRICK,

Plaintiff,

v.

MOODY BIBLE INSTITUTE,

Defendant.

No. 18 C 573

Judge John F. Kness

**ORDER**

A telephonic status hearing was held on August 6, 2026 but inadvertently not memorialized until now. As discussed on the record during the August 6 hearing, Defendant is given leave to conduct an additional deposition of Plaintiff limited to the issue of the missing journal entries. In addition, the Court determined that further information regarding the location of the missing journal entries is needed from Plaintiff's former counsel, Jamie S. Franklin. Defendant has since submitted a status report (Dkt. 252) detailing its recommendations for the best manner by which to secure that information. Any response by Plaintiff to Defendant's filing must be submitted on or before October 2, 2026. Also remaining before the Court are Defendant's motions for sanctions (Dkt. 226, 235, and 242), as well as Plaintiff's motion to compel discovery (Dkt. 217), which overlap with matters discussing during the August 6 hearing. For the reasons provided in the accompanying Statement, as well as those provided during the August 6 hearing, Defendant's motions for sanctions (Dkt. 226, 235, and 242) are granted in part and denied in part without prejudice to renewal. Plaintiff's motion to compel (Dkt. 217) is granted in part and denied in part. A telephonic status hearing for case tracking purposes is set for October 20, 2026 at 11:00 a.m. The parties are to use the following call-in number: 1-855-244-8681, Access Code: 2315 003 3696. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking.

## STATEMENT

### I. Background

Plaintiff Janay Garrick served as a communications professor at Defendant Moody Bible Institute before her employment was terminated in 2017. Following her termination, Plaintiff filed suit alleging that she was terminated because of her sex and in retaliation for engaging in activities protected under Title VII of the Civil Rights Act of 1964. According to Defendant, however, Plaintiff is a minister; Defendant maintains the Plaintiff's claims are therefore preempted by the ministerial exception to Title VII.

Because Moody invokes the ministerial exception, which affords religious organizations the right to select their ministers without interference or undue intrusion, the Court (consistent with guidance provided by the Court of Appeals, Dkt. 177-79) authorized limited discovery relating to Defendant's ministerial exception defense. The Court ordered the parties to exchange written discovery and complete discovery relating to the ministerial exception by February 28, 2025. (Dkt. 184.) At the close of discovery, the parties brought several discovery-related motions.

During Plaintiff's deposition, Plaintiff disclosed that she maintained a spreadsheet of notes made during her employment at Moody Bible Institute. Plaintiff refused to produce the notes as attorney-client privileged material. The Court ordered Plaintiff to produce the notes along with her tax returns and other documents. (Dkt. 199.) When the notes were disclosed, they revealed that Plaintiff maintained journals that discussed her employment with Defendant. Defendant sought the production of various journal entries made by Plaintiff between 2014 and 2017. Plaintiff refused to produce these journals, which she described as private and as a form of prayer. Defendant filed a motion to compel production of the journals, and the Court ordered Plaintiff to produce responsive journal entries made between 2014 and 2017. (Dkt. 206; Dkt. 213.)

After Plaintiff failed to produce the materials within 30 days, Defendant brought its first motion for sanctions. Around the same time, Ms. Franklin withdrew as Plaintiff's attorney. (Dkt. 227.) At the December 17, 2025, status hearing, Plaintiff was directed to produce responsive journal entries on or before December 22, 2025. (Dkt. 232.) Production was not completed by the appointed date, and Defendant brought a second motion for sanctions. (Dkt. 235.) Plaintiff, however, told Defendant that the journal entries were sent by certified mail, but because of a delivery problem with the postal service, the journal entries were not retrieved until January 21, 2026. (Dkt. 246 at 7.)

Although Plaintiff had produced certain journal entries, the production only included entries between 2016-2017, rather than the more relevant 2014-2015 period.

(Dkt. 242 at 3; Dkt. 245 at 5–6.) Defendant then filed a third motion for sanctions seeking to compel Plaintiff to produce all relevant journal entries. (Dkt. 242.) In response, Plaintiff maintains that she no longer possesses the journals in question. (Dkt. 245 at 5–6.) Defendant seeks sanctions, an award of attorney fees, for the Court to deem Plaintiff a minister, authorization to reopen the deposition of Plaintiff, and authorization to take discovery from Plaintiff's former counsel, Jaime Franklin. (Dkt. 242.)

Plaintiff also seeks an order compelling certain discovery from Defendant. (Dkt. 217.) As essential background, ministers are eligible under the tax code to claim a housing allowance on their tax returns; this device is known as the ministerial housing allowance (MHA). Accepting the MHA can thus serve as evidence that a person is a minister. When the Court compelled production of Plaintiff's tax records, the Court also ordered Defendant to produce documents "sufficient to show who applied for the ministerial housing allowance." (Dkt. 199.) Defendant produced a four-page document listing all employees who took advantage of the ministerial housing allowance during Plaintiff's term of employment. According to Defendant, this list is coextensive with the list of all its employees who applied for the allowance because Defendant did not deny any applications. (Dkt. 222 at 3.) Plaintiff argues that this production is insufficient and seeks an order compelling production of myriad documents showing who was offered the MHA, who applied, and how applications were evaluated. (Dkt. 217 at 3.) Plaintiff also seeks the identification of an appropriate witness to be deposed about Defendant's policies and procedures for approving allowance applications. (*Id.*)

## II. Discussion

As noted, both parties have brought discovery-related motions. Defendant has brought three motions seeking sanctions against Plaintiff for failing to comply with the Court's order compelling production of Plaintiff's journal entries concerning her employment at Moody Bible Institute. (Dkt. 226; Dkt. 235; Dkt. 242.) Plaintiff, in turn, seeks an order requiring Defendant to disclose additional documents and produce a witness for a deposition regarding Defendant's process for approving ministerial housing allowance applications. (Dkt. 217.) These motions are addressed in turn.

### A. Defendant's Motions for Sanctions are Granted in Part.

In the first two of its three motions for sanctions ((Dkt. 226; Dkt. 235), Defendant argues that Plaintiff failed to turn over the journal entries covered by the earlier order compelling production. Plaintiff began attempting to turn over journal entries in late December 2025, but, according to Defendant's third motion for sanctions, Plaintiff failed to produce relevant journal entries made between 2014 and 2015. (Dkt. 223; Dkt. 242 at 3.) Plaintiff responds, "No journal pages from 2014 or

early 2015 are in [Plaintiff]'s possession." (Dkt. 245 at 5–6.) Defendant replies that this explanation is not credible because it would have been raised sooner in this discovery dispute if it were true. Accordingly, Defendant seeks a plethora of sanctions including attorney fees, a supplemental deposition of Plaintiff, an adverse inference that Plaintiff is a minister, and a finding of contempt. (Dkt. 245 at 5–8.) Although the full range of sanctions sought by Defendant is excessive based on the present record, the Court agrees that some further action is necessary to determine why the journals have not been produced and to ensure compliance with court orders and the rules governing discovery.

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes district courts to impose sanctions when a party fails to obey an order to provide or permit discovery. District courts have broad discretion in selecting an appropriate sanction, but the sanction imposed must be "proportionate to the infraction" under all circumstances. *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)). Although lesser sanctions do not necessarily require a finding of willfulness or bad faith, more severe sanctions, such as dismissal, require a finding of willfulness, bad faith, or fault and require consideration of the sufficiency of lesser sanctions. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776–78 (7th Cir. 2016); *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003). "Fault" in this context means objectively unreasonable conduct, rather than mere mistake or carelessness. *Ramirez*, 845 F.3d at 776.

Because Plaintiff does not explain what happened to the journals and failed to raise the issue at the appropriate time, the Court believes further factual investigation is necessary before sanctions can follow. Plaintiff states that the journals at issue are not in her possession. (Dkt. 245 at 5–6.) But Defendant reasonably argues that this explanation lacks credibility because it could be expected that Plaintiff would have raised the issue sooner had she known that the journals were missing at that time. (Dkt. 246 at 2–4.) In short, Plaintiff's unadorned excuse that she simply does not have these journals is unconvincing.

That said, Plaintiff's lassitude in raising this matter is not conclusive of misconduct; greater factual development is thus necessary to determine whether more punitive sanctions are justified. See *Long*, 213 F.3d at 986; *Ramirez*, 845 F.3d at 776. Accordingly, the Court grants Defendant leave to reopen the deposition of Plaintiff for the limited purpose of inquiring into her retention and disposal of journals covering the 2014-2015 timeframe. To the extend it has not already been completed, this deposition must be conducted in person or through video-conferencing software within 30 days after the entry of this order.[1] Defendant's motions are

[1] As stated at the August 6th status hearing, a purely telephonic deposition is not permitted. If the parties opt for a virtual deposition, they must keep their cameras on for the duration of the deposition.

otherwise denied without prejudice to renewal pending the outcome of Plaintiff's deposition.

At the status hearing on August 6, 2026, the Court also solicited the parties' positions on taking discovery from Jamie Franklin, Plaintiff's former attorney. Defendant has since filed a statement (Dkt. 252) seeking to serve Ms. Franklin with interrogatories or to take her deposition. Any response by Plaintiff to Defendant's statement must be submitted on or before October 2, 2026. No reply brief will be permitted absent further order.

### B. Plaintiff's Motion to Compel is Granted in Part.

Plaintiff seeks an order compelling Defendant to produce discovery relating to the ministerial housing allowance. Plaintiff seeks all applications for the allowance, meeting minutes and notes discussing approval of allowance applications, any documents specifying standards for approval, documents showing who was offered the allowance and the identification of a Rule 30(b)(6) witness who can testify on these matters. (Dkt. 217 at 3.) Plaintiff argues that she is entitled to these materials because the Court ordered defendant to produce "documents sufficient to show which employees applied for the Ministerial Housing Allowance." (Dkt. 199.) Defendant produced a four-page document listing all those who received the allowance and stated that all the listed individuals applied for the allowance and that no applications were denied, thus satisfying the Court's order. Defendant argues that it complied with the Court's discovery order and that further discovery is unnecessary and unduly intrusive into Defendant's inner religious workings. (Dkt. 222 at 5–10.)

Under Rule 37(a) of the Federal Rules of Civil Procedure, a party may move to compel discovery when another party fails to provide discovery to which the movant is entitled. The scope of discovery extends to nonprivileged material that is relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts possess broad discretion in resolving discovery disputes, and a motion to compel may be denied where the requested discovery is irrelevant, disproportionate, unduly burdensome, or would result in an unwarranted fishing expedition. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784–85 (7th Cir. 2013); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000). A party seeking to compel discovery must also certify that it has in good faith conferred or attempted to confer with the opposing party to obtain the discovery without court intervention. Fed. R. Civ. P. 37(a)(1).

Plaintiff's argument in support of her motion to compel discovery is overstated. Defendant was directed to produce documents sufficient to show who applied for the ministerial housing allowance, which was information Plaintiff sought in discovery. And that is the information Plaintiff received. Rather than seeking to serve additional discovery requests on Defendant within the discovery period, Plaintiff's counsel

asserted that Defendant's production was insufficient under Rule 37 and, after corresponding with Defense Counsel by email, brought a motion to compel. (Dkt. 222-1 at 19–25.) But Defendant produced what the Court ordered it to produce. Without formal discovery requests or court orders to the contrary, Defendant owed no further obligation to produce additional documents beyond the scope of the Court's order. Plaintiff thus has no right to an order compelling the production of a much broader swath of materials.

On the other hand, it is true that Defendant's production is relatively thin. To lend appropriate color to Defendant's production, Defendant is directed to make good on its offer to provide an affidavit by a competent witness with the requisite personal knowledge on the subject. (Dkt. 222 at 3.) The affiant must state whether the list of MHA recipients accurately represents the full list of those who applied for the MHA and how MHA applications were solicited. Defendant also argues that no further production is necessary because Plaintiff can review the public biographies of the MHA recipients on Defendant's website. (*Id.*) But this assumes all of those profiles are still available. Defendant is therefore ordered to produce the substance of staff biographies for any individual whose staff biography is no longer available on Defendant's website and who is named on Defendant's list of MHA recipients. Requiring this additional production is necessary, but it also proportionate and sufficiently respectful of Defendant's objections. Accordingly, Plaintiff's motion to compel is granted in part and denied in part.

## III. Conclusion

Defendant's motions for sanctions (Dkt. 226, 235, and 242) are granted in part and denied in part without prejudice to renewal. Plaintiff's motion to compel (Dkt. 217) is granted in part and denied in part.

SO ORDERED in No. 18 C 573.

Date: September 17, 2026

JOHN F. KNESS
United States District Judge